UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY L.,[1] ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:20-cv-00323-JMS-TAB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner of the ) | |
| Social Security Administration[2], ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Plaintiff Bradley L. sought review of a decision by the Commissioner of the Social Security Administration ("SSA") denying him benefits, and ultimately received a favorable decision on remand to the SSA. Bradley L. has now filed an Attorney's Amended and Unopposed Motion for an Award of Attorney's Fees Under 42 U.S.C 406(B)[3], which is ripe for the Court's consideration. [Filing No. 19.]

## I.
### BACKGROUND

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] According to Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the SSA on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named as the Acting Commissioner of the SSA.

[3] The Court takes note that while Plaintiff's counsel stated that his motion was "Unopposed", [Filing No. 1.], the Commissioner has filed a Response to Plaintiff's Petition for Authorization of Attorney Fees Under 42 U.S.C. § 406(B), opposing the request for the reasons set forth below. [Filing No. 23.]

1

On January 29, 2020, Plaintiff Bradley L. filed a civil action asking the Court to review the SSA's denial of benefits pursuant to 42 U.S.C. § 405(g). [Filing No. 1.] On October 1, 2020, following briefing, the Court reversed the Commissioner's final decision and remanded Bradley L.'s claim back to the SSA for further consideration. [Filing No. 15.] Pursuant to the Equal Access to Justice Act ("EAJA"), Bradley L. received an award of attorneys' fees and expenses in the amount of $2,433.25. [Filing No. 18.]

On remand, the Administrative Law Judge issued a fully favorable decision awarding Bradley L. past-due benefits totaling $117,130.00. [Filing No. 20-2.] On June 25, 2021, Bradley L.'s counsel moved the Court pursuant to 42 U.S.C. § 406(b) to authorize attorneys' fees for his federal court representation of the Plaintiff in the amount of $29,282.50 – equating to an implied hourly rate of $1,895.31 per hour for 10.45 hours of attorney time and 5.0 hours of non-attorney staff time. [Filing No. 19, Filing No. 20.]

## II.
### LEGAL STANDARD

Section 406(b) of the Social Security Act provides that a Court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefits appeal. 42 U.S.C. § 406(b)(1)(A). In addition to the allowance of fees pursuant to § 406(b), the EAJA mandates that a court award attorneys' fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to the federal court). *See* 28 U.S.C. § 2412(d)(1)(A). When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010). Even where

2

Case 1:20-cv-00323-JMS-TAB   Document 25   Filed 09/02/21   Page 3 of 10 PageID #: 773

an attorney's § 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The burden is on the claimant's counsel to show that the requested fee award is reasonable. *See Caldwell v. Berryhill,* 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017).

### III.
### DISCUSSION

Bradley L.'s counsel asserts that the requested fee "reflects a valid contract between Plaintiff and his counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time Counsel expended on the matter, and the required refund of the fee award previously obtained under EAJA." [Filing No. 20 at 3-4.]

In her response, the Commissioner does not argue that the contingency agreement is unreasonable or oppose an award. [Filing No. 23.] Rather, the Commissioner contends that the amount of the fee requested by Bradley L.'s counsel is unreasonable for two main reasons: (1) non-attorney hours are compensated at the same rate as attorney hours, and (2) that "[c]ases from this Court generally support much lower implied hourly rates than Plaintiff's counsel seeks here." [Filing No. 23 at 2-6.] The Court addresses each of these arguments below.

### A. The Compensable Non-Attorney Time

Bradley L.'s counsel argues that the requested fee is reasonable for four reasons: (1) Bradley L. agreed to pay "25 percent of past due benefits without limitation if [counsel] represented [him] before a federal court and obtained a favorable outcome," [Filing No. 20 at 4]; (2) the requested fee reflects the "substantial risk of loss" associated with civil actions for Social Security claims, [Filing No. 20 at 4]; (3) the requested fee "reasonably compensates Plaintiff for the substantial monetary and other benefits which resulted from this litigation" and is

3

"considerably less than a typical contingent fee recovery" such as in a personal-injury suit, [Filing No. 20 at 5.]; and (4) "in light of comparable hourly rates, Counsel's fee request amounting to a $1,895.31 per hour fee is not per se unreasonable or a windfall." [Filing No. 20 at 6.]

In response, the Commissioner argues that Bradley L.'s counsel incorrectly calculated the claimed hourly rate by "compensating attorney work and non-attorney work at the same level (i.e., taking $29,282 and [dividing] it by 15.45)." [Filing No. 23 at 2.] The Commissioner asserts "[t]hat is not the approach that courts have taken." [Filing No. 23 at 2 (citing *Jarrett v. Berryhill*, 2017 WL 4325306, at *1 (N.D. Ind. Sept. 29, 2017) and *Acosta v. Comm'r of Soc. Sec.,* 2016 WL 8094540, at *8 (E.D. Mich. Nov. 17, 2016)).] The Commissioner argues that two non-attorney hours should count as "roughly equivalent to one hour of attorney work." [Filing No. 23 at 2.] The Commissioner contends that, utilizing this framework, the implied hourly rate would be $2,261.20 per hour. [Filing No. 23 at 3.] The Commissioner asserts that "[t]his Court has repeatedly noted that implied hourly rates of $400 to $600 is the 'generally accepted range,' or otherwise that such rates are consistently found reasonable." [Filing No. 23 at 4 (internal citations omitted).]

In his reply, Bradley L.'s counsel argues that "a rate reduction for work performed by non-attorney staff is not appropriate." [Filing No. 24.] Counsel asserts that "Social Security attorneys must pay for [non-attorney staff's] compensation whether the cases they work on are ultimately lucrative or not." [Filing No. 24 at 2.] In support of his position, Bradley L.'s counsel contends that the facts of this case are similar to the facts of *Caldwell v. Berryhill*, 2017 WL 2181142. [Filing No. 24 at 3.] In *Caldwell*, he argues, the Commissioner "put forth an argument which was identical to his call for a rate reduction for work completed by [non-attorney] staff in the instant case, and the Court ultimately held that such a reduction was not appropriate." [Filing No. 24 at

4

3.] Bradley L.'s counsel further argues that "[n]either an hourly rate of $1,895.31 nor $2,261.20 constitutes a 'windfall' given Plaintiff's Counsel's efficient handling of the case, case precedent, and this Court's interest in making sure Social Security claimants have access to good representation." [Filing No. 24. at 4-6]

In *Gisbrecht*, the Supreme Court found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht*, 535 U.S. at 795. Those controls include that: (1) attorneys' fees may be obtained only if the claimant is awarded past-due benefits; (2) attorneys' fees are awarded from, not in addition to, the past-due benefits; and (3) attorneys' fees cannot exceed twenty-five percent of the past-due benefits. *Id*. However, twenty-five percent of the award of past-due benefits is not presumptively reasonable. *Id.* at 808. In making a reasonableness determination, the Court should consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case. *Id*. In the present case, the Commissioner's objection rests on the fourth factor. [Filing No. 24.]

Reasonable attorneys' fees can include the work of paralegals and law clerks. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285 (1989). Paralegal fees are recoverable as attorneys' fees at their "prevailing market rates." *Caldwell,* 2017 WL 2181142, at *2 (citing *Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 590 (2008)). While courts have "taken different approaches in considering non-attorney work in Section 406(b) fee awards," the amounts awarded must ultimately be reasonable for the services rendered. *Jarrett,* 2017 WL 4325306, at *1.

"Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable." *See Taylor v. Berryhill,* 2018 WL 4932042, at *2.

5

In the present case, the combined implied hourly rate equates to $1,895.31 per hour. While the Court agrees that Bradley L.'s counsel should be fairly compensated for the work that non-attorney staff completed in furtherance of Bradley L.'s case, the Court cannot agree that a rate that is over three times the generally accepted range for attorneys is the prevailing market rate for non-attorneys in this district. Put differently, Bradley L.'s counsel has not demonstrated that $9,476.54 is a reasonable fee for five hours of non-attorney staff time. Because of this, a reduction is appropriate. The Court agrees that the Commissioner's approach of counting two non-attorney hours as roughly equivalent to one hour of attorney work, in this instance, is appropriate based on the time and skill required and the amount involved in this case. *See McGuire v. Sullivan,* 873 F.2d 974, 980 (7th Cir. 1989). This approach is also consistent with the time log submitted by Bradley L.'s counsel, which indicates a comparable reduced rate for non-attorneys. [Filing No. 20-4.]

For the reasons set forth above, the Court in its discretion, finds that the requested non-attorney time is compensable at a rate of two non-attorney hours to one hour of attorney work. As outlined below, utilizing the more reasonable hourly rate of $1,200.00 for attorneys and $600.00 for non-attorney staff, and multiplying those rates by the number of hours Plaintiffs' counsel and his staff spent on Plaintiff's case (10.45 hours of attorney time and 5 hours of non-attorney staff time), Plaintiffs' counsel is entitled to a § 406(b) fee award of $15,540.00 ($1,200.00 per hour times 10.45 hours, plus $600.00 per hour times 5 hours).

### B. The Implied Hourly Rate

Bradley L.'s counsel argues that the requested compensation "does not constitute a windfall for Plaintiff's Counsel" and is not "per se unreasonable". [Filing No. 20 at 6.] In support of his position, counsel points to *Fitzpatrick v. Berryhill*, No. 1:15-cv-1865-WTL-MJD (2017), where the court approved "an implied hourly rate somewhere between $1,045 per hour and $2,908 per

6

hour." [Filing No. 20 at 6.] Bradley L.'s counsel argues that the requested compensation does not represent a windfall based on his "efficient handling of the case and the unique risk of loss Social Security Attorneys assume when representing their clients in federal court." [Filing No. 20 at 6.] In support, he points to cases from other districts within the Seventh Circuit which provide "comparable hourly rates" ranging from $880 to $1,274.51 per hour. [Filing No. 20 at 6.]

The Commissioner responds that:"[t]his Court has repeatedly noted that implied hourly rates of $400 to $600 is the 'generally accepted range,' or otherwise that such rates are consistently found reasonable." [Filing No. 23 at 4 (quoting *Taylor,* 2018 WL 4932042, at *2 (compiling cases)).] The Commissioner argues that: "'[c]ourts have . . . occasionally given fees outside this range' . . . [b]ut these cases typically involve very small fee amounts." [Filing No. 23 at 4 (quoting *Derek H. v. Berryhill,* 2019 WL 2341377, at *2 (S.D. Ind. June 3, 2019)).] The Commissioner argues that Bradley L.'s counsel's reliance on examples from other districts within the Seventh Circuit do not support the requested fee but rather "suggest it is a significant outlier." [Filing No. 23 at 5.] The Commissioner notes the requested fee in *Fitzpatrick* was "$10,000 less than the currently requested fee, and likely involved a lower hourly rate (the Acting Commissioner calculates a rate of approximately $1,538 per hour for $18,615.25 divided by 12.1 hours, based on 6.4 attorney hours plus 1/2 11.4 non-attorney hours)." [Filing No. 23 at 5.] The Commissioner points to the Seventh Circuit's decision in *McGuire*, to argue that "the maximum 25% fee under § 406(b) should only be allowed in cases with 'extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.'" [Filing No. 23 at 5 (citing *McGuire,* 873 F.3d at 981).] The Commissioner further argues that "even if risk of loss supports a higher fee than one with an implied hourly rate of $600 per hour, it does not support a fee all the way up to" the requested fee. [Filing No. 23 at 6.] Accordingly, the

7

Commissioner argues that "[c]ases from this Court generally support much lower implied hourly rates than Plaintiff's counsel seeks here." [Filing No. 23 at 6.]

Bradley L.'s counsel replies that he "successfully argued two different, complex legal issues and did so on Plaintiff's behalf quickly and efficiently." [Filing No. 24 at 1.] He "concedes an attorney fee of approximately $29,282.50 is substantial," but asserts that he can certainly point to cases before this Court in which he received a fee that was more than that amount.'" [Filing No. 24 at 2.] Bradley L.'s counsel argues that he has "provided Plaintiff with an excellent outcome, has done so efficiently, and will seek no fee amounting to more than the 25% of Plaintiff's back pay" and thus "this Court's awarding Counsel the fee he has requested will not result in a windfall." [Filing No. 24 at 2.]

As stated above, the Supreme Court in *Gisbrecht* noted that when making a reasonableness determination, the Court should consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case. *Gisbrecht*, 535 U.S. at 808. While a large award does not by itself show that an award is unreasonable, a large award does "require that the district judge make a careful review of the contingency agreement to determine whether or not the attorney has been granted an unreasonable windfall." *McGuire,* 873 F.2d at 984. Contingent fee agreements often "produce fees that reflect large hourly rates that are not per se unreasonable." *Westlund v. Berryhill*, 2017 WL 2389724, at *1 (W.D. Wis. June 1, 2017). But when "the contingent fee agreement would yield an unreasonable windfall, courts have reduced the award under § 406(b) to an appropriate rate above the lodestar rate." *Id.*

8

The first three factors set out in *Gisbrecht* are not presently at issue. The Court agrees with the parties that Bradley L.'s counsel has provided excellent representation without delay. The Court further agrees that counsel has secured a substantial award on behalf of Bradley L., including back benefits in the amount of $117,130.00, Medicare health insurance, and ongoing disability benefits of approximately $2,069.00 per month until death or resolution of his disability. [Filing No. 20-3.] Further, Bradley L.'s counsel did not contribute to any delay in these proceedings.

Focusing on the final factor, the Commissioner argues that the fee requested by Bradley L.'s counsel is large in comparison to his time spent on the case. [Filing No. 23.] The Court agrees that the requested fee is high in light of the generally accepted hourly rates for this district, which range from $400 to $600. *Taylor,* 2018 WL 4932042, at *2. However, the Court is reluctant to rely heavily on a method for determining whether a contingency fee is reasonable that penalizes efficiency. Courts have, when circumstances permit, awarded fees outside the typical range, provided that the amount is still consistent with previous fees awarded by courts in the Seventh Circuit. *Derek H.,* 2019 WL 2341377, at *2.

While the Court does not agree that a fee of $2,261.20 per hour (as based on a reduced rate for non-attorneys as discussed above) is consistent with previous fee awards for similar cases, the Court agrees that Bradley L.'s counsel should reap the benefits of his work. Even so, in this instance, a reduction is appropriate to avoid a windfall. However, the Court notes that Bradley L.'s counsel handled this case in a very efficient manner. For the reasons set forth above, the Court in its discretion, finds $1,200 to be a reasonable fee for the time counsel spent on this case and the amount involved in the case. *See Angela B. v. Saul,* 2021 WL 2532898, at *1 (S.D. Ind. June 21, 2021) (Approving a rate of $1,293.89 per hour)*; Derek H.,* 2019 WL 2341377, at *2 (Approving an hourly rate of $1,274.51). Accordingly, using the more reasonable hourly rate of $1,200.00 for

attorneys and $600.00 for non-attorney staff, and multiplying those rates by the number of hours Plaintiffs' counsel and his staff spent on Plaintiff's case (10.45 hours of attorney time and 5 hours of non-attorney staff time), Plaintiffs' counsel is entitled to a § 406(b) fee award of $15,540.00 ($1,200.00 per hour times 10.45 hours, plus $600.00 per hour times 5 hours).

## IV.
### CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Attorney's Amended and Unopposed Motion for an Award of Attorney's Fees Under 42 U.S.C 406(B), [19], but at a reduced rate of $1,200.00 per hour of attorney time and $600.00 per hour of non-attorney time. Therefore, counsel is entitled to a total of $15,540 in attorneys' fees for the 10.45 hours of attorney time and 5 hours of non-attorney staff time. The Commissioner is **ORDERED** to pay the amount from Plaintiff's past-due benefits directly to counsel. At that time, counsel shall refund Bradley L. the $3,400 previously awarded EAJA fees. To the extent the Commissioner has withheld funds in excess of this fee award, the excess amount should be paid to Bradley L.

Date: 9/2/2021

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**